IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | |
|---|---|
| JERRY FELDMAN,<br><br>   Plaintiff,<br><br>  v.<br><br>COOK COUNTY HEALTH,<br><br>   Defendant. | No. 25-cv-2971<br><br>Judge Franklin U. Valderrama |

**ORDER**

Plaintiff Jerry Feldman was formerly employed by Defendant Cook County Health as a dermatologist and educator. R.[1] 1, Compl. Proceeding *pro se*, Feldman sued Cook County Health asserting claims for: age discrimination under the Age Discrimination in Employment Act, 42 U.S.C. § 12101, *et seq.*, (ADEA) (Count I); retaliation under the ADEA (Count II); and constructive discharge under the ADEA and common law (Count III). *See* Compl. Pending before the Court is Defendant Cook County Health's motion to dismiss Feldman's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). R. 14, Mot. For the reasons that follow, Defendant's motion is granted in part and denied in part.

As background,[2] Feldman alleges that beginning on or about March 1, 2020, Cook County Health discriminated and retaliated against him due to his age. *See* Compl. at 2. Specifically, Feldman states that his immediate supervisor, Dr. Joerg Albrecht, directed age-based hostility towards him by inquiring into his retirement plans, reassigning his duties to younger employees, and harassing him while praising younger colleagues. *See id.*, Attachment A at 1-2 ¶¶ 5-14. Feldman also alleges that,

---

[1] Citations to the docket are indicated by "R." followed by the docket number or filing name, and, where necessary, a page or paragraph citation.

[2] The Court accepts as true all of the well-pled facts in the Complaint and draws all reasonable inferences in favor of Plaintiff. *Smith v. City of Chicago*, 3 F.4th 332, 334 n.1 (7th Cir. 2021) (internal citation omitted).

despite being over 71 years old, he was assigned to in-person clinics during the COVID-19 pandemic, putting his health in jeopardy. *See id.*, Attachment A at 2 ¶ 12. Cook County Health's actions prompted Feldman to complain to his union representative and the Equal Employment Opportunity Commission (EEOC) officer about the alleged discrimination and harassment. *Id.*, Attachment A at 2 ¶ 21. As a result of this treatment, Feldman maintains that he "was left with no choice but to resign due to the discriminatory and retaliatory conditions created by Defendant," and was accordingly "constructively discharged" on December 29, 2022. *Id.*, Attachment A, at 3 ¶ 28, 7. In its motion to dismiss, Cook County Health argues that Feldman's claims are time-barred under the 300-day limitations period that applies to ADEA claims. *See* Mot. at 4.

The ADEA prohibits an employer from discriminating against an individual because of their age. 29 U.S.C. § 623 (a)(1). Before filing suit under the ADEA, a plaintiff must first file an administrative charge with the EEOC within 300 days of the allegedly unlawful employment practice. 29 U.S.C. § 626(d)(1); *see also Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 637 (7th Cir. 2004) ("In Illinois, an employee may sue under the ADEA … only if he] files a charge of discrimination with the EEOC within 300 days of the unlawful employment practice.") (cleaned up).[3]

As a preliminary matter, the parties dispute the date Feldman effectively filed his claim with the EEOC. Despite identifying this date as November 6, 2023 in his complaint—the date the EEOC issued the formal charge—Feldman argues in response to Cook County Health's motion that the date should instead be October 25, 2023—the date he submitted paperwork to the EEOC. *See* R. 16, Resp. at 1-2. This change is significant, as October 25, 2023 marks exactly 300 days after December 29, 2022, the date Feldman alleges he was constructively discharged. *See id.* In reply, Cook County Health posits that it matters not whether the date of Feldman's filing was October 25, 2023 or November 6, 2023, because Feldman's action would be time-barred regardless. R. 19, Reply at 2-3. The Court will address this issue as part of its analysis of Feldman's constructive discharge claim.[4]

---

[3] This Order uses (cleaned up) to indicate that internal quotation marks, alterations, and citations have been omitted from quotations. *See* Jack Metzler, Cleaning Up Quotations, 18 Journal of Appellate Practice and Process 143 (2017).

[4] Both parties attach exhibits to their briefings: Feldman attaches an affidavit to his Response (*see* Resp. at 4-5) and Cook County Health attaches communications between Feldman and the EEO officer to its Reply. *See* Reply, Ex. A. Under Federal Rule of Procedure 12, "If, on a motion under Rule 12(b)(6)…matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). However, the Seventh Circuit has explained that documents

The Court begins with Feldman's discrimination and retaliation claims. Cook County Health argues that Feldman failed to file his EEOC charge within 300 days of his actual injury, the date which effectively started the clock for purposes of the limitations period. *See* Mot. Feldman does not substantively counter Cook County Health's arguments as to his discrimination and retaliation claims. No matter, because the Court agrees with Cook County Health as to these claims.

Feldman bases his age discrimination claim (Count I) on allegations that Cook County Health purportedly removed him from duties, forced him to work in remote clinics without support, and inquired into his retirement. *See* Compl., Attachment A at 2 ¶¶ 15-19. Likewise, Feldman bases his retaliation claim (Count II) upon his allegations that Cook County Health increased his workload, stripped him of responsibilities, and reassigned him to other clinics. *Id.*, Attachment A at 2 ¶¶ 20-24. The injuries underlying Feldman's age discrimination and retaliation claims therefore occurred *before* December 29, 2022, the date of his alleged constructive discharge. Indeed, Feldman himself asserts that he was discriminated against beginning on or about March 1, 2020. *See id.* at 2. For purposes of the 300-day limitations period for ADEA claims, the relevant period begins to accrue at the time of the discrete discriminatory acts. *See, e.g.*, *Riches v. Loyola Univ. Medical Ctr.*, 2025 WL 2767042, at *3 (N.D. Ill. Sep. 27, 2025) (citing *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114 (2002)); *see also Thelen v. Marc's Big Boy Corp.*, 64 F.3d 264, 268 (7th Cir. 1995) ("[T]he limitations period begins to run when a reasonable person would believe he *may* have a cause of action."). Even viewing the 300-day window in the light most favorable to Feldman (ending on October 25, 2023), the purported discriminatory acts that form the bases of Feldman's discrimination and retaliation claims occurred well outside of this time frame. Moreover, Feldman himself believed that he had been wronged prior to the 300-day window, as evidenced by his statement that he complained about these actions to his union representative and the EEOC officer at Cook County Health. *See* Compl., Attachment A at 2 ¶ 21. Therefore, Counts I and II are time-barred and accordingly dismissed.

Next up is Feldman's constructive discharge claim (Count III), which he brings under the ADEA and common law. *See* Compl, Attachment A at 2 ¶¶ 20-24; *see also Stamey v. Forest River, Inc.*, 37 F.4th 1220, 1224-25 (7th Cir. 2022) (explaining

---

not attached to the complaint "may be considered by a district court in ruling on the motion to dismiss," "if they are referred to in the plaintiff's complaint and are central to his claim." *Wright v. Assoc. Ins. Cos. Inc.*, 29 F.3d 1244, 1248 (7th Cir. 1994). The Court finds that this exception covers both parties' attachments: Feldman's affidavit concerning when he contacted the EEOC, as well as Cook County Health's exhibit containing communications between Feldman and his EEO officer, relate to matters central to Feldman's complaint.

constructive discharge claim under ADEA). Recall that Feldman argues that the relevant date for purposes of the initiation of the EEOC action is October 25, 2023. *See* Resp. at 1-2 (citing *Steffen v. Meridian Life Ins. Co.*, 859 F.2d 534, 542 (7th Cir. 1988)). In support, Feldman contends that after contacting the EEOC on October 25, 2023, the EEOC responded on the same date and told Feldman that "if the necessary documents were not received by that date, the matter would remain closed." Resp. at 1. Relying on this instruction, Feldman submitted the "necessary materials" that day to begin the intake process. *Id.* On November 6, 2023, the EEOC formalized Feldman's charge. *Id.*; *see also* Compl. at 7.

In reply, Cook County Health posits that Feldman's claim would be untimely even if the October date is operative. *See* Reply at 2-3. Cook County Health spends much of its reply arguing that Feldman's discrimination and retaliation claims are untimely because they rely on discrete acts that occurred outside the 300-day window. *See generally id.* Cook County Health's position, however, largely sidesteps the central issue remaining based on Feldman's response: whether the updated EEOC filing date impacts his constructive discharge claim.

The Supreme Court has clarified the bounds by which an individual's filing with the EEOC may be considered a "charge" under the ADEA for purposes of the limitations period. In *Federal Express Corp. v. Holowecki*, 552 U.S. 389 (2008), the Court held that a submission with the EEOC constitutes a charge if it contains the information required by the agency's regulations and can be "reasonably construed as a request for the agency to take remedial action to protect the employee's rights or otherwise settle a dispute between the employer and the employee." 552 U.S. at 402. Such a filing, explained the Court, does not require an explicit request for action, but rather "must be examined from the standpoint of an objective observer to determine whether, by a reasonable construction of its terms, the filer requests the agency to activate its machinery and remedial processes." *Id.* The Court acknowledged that such a standard was "permissive," effectively allowing "a wide range of documents" to be construed as a charge, and further clarified that *pro se* litigants are held to an even more permissive standard than represented partied. *Id.* Such a permissive reading of the standard, the Court elucidated, corresponds more closely with the purpose of the Act. *Id.* at 403 ("The system must be accessible to individuals who have no detailed knowledge of the relevant statutory mechanisms and agency processes.").

The Seventh Circuit has similarly held that for purposes of the limitations period, a plaintiff is considered to have filed a charge under the ADEA if he provides notice to the EEOC that would "convince a reasonable person that the grievant has manifested an intent to activate the Act's machinery." *Steffen*, 859 F.2d 534 at 542.

4

In *Steffen*, the Seventh Circuit held that a plaintiff's filing of an intake questionnaire satisfies the charge requirement where it identifies a respondent and "generally alleges" a discriminatory act. *Id.* The court explained that the ADEA's charge-filing requirement is "not intended to hold persons to elaborate pleading requirements or require that a person submit a document declaring an affirmative intention to activate the ADEA's procedures." *Id.* at 543. Moreover, courts refuse to construe the ADEA in such a "hypertechnical manner" that would allow form to triumph over substance. *Id.* (collecting cases).

Here, *pro se* Plaintiff Feldman argues that he filed the requisite paperwork to initiate the intake process on October 25, 2023. Resp. at 1. Just under two weeks later, on November 6, 2023, the EEOC formalized his charge. *Id.* The fact that the EEOC informed Feldman that failure to submit documents by October 25, 2023 would result in the case remaining closed further evidences its notice of Feldman's intent to "activate the Act's machinery." *See Steffen*, 859 F.2d at 544 ("He communicated that purpose to the EEOC and then followed the EEOC's instructions on how to satisfy the charge-filing requirement. Under these circumstances, the Intake Questionnaire clearly gave the EEOC more than reasonable notice that, by filing the Intake Questionnaire, Steffen intended to 'activate the Act's machinery.'"); *see also Palmer v. Southwest Airlines Co.*, 2009 WL 3462043, at *1-2 (finding that submission of intake questionnaire was sufficient to satisfy filing requirement despite the fact that charge was formalized later). Employing the permissive reading of the ADEA's charge-filing requirement as instructed in *Holowecki*, the Court agrees with Feldman that the filing of the intake paperwork on October 25, 2023 satisfied the notice requirements for purposes of the 300-day deadline. This conclusion, however, does not end the Court's analysis of the issue.

Cook County Health additionally posits that, regardless of the date of the charge, Feldman's claim is still untimely because the 300-day deadline "began to accrue from the date of Plaintiff's injury, which he pleads occurred even earlier than the date of his resignation." Reply at 2-3. The Court disagrees. The Supreme Court has held that constructive discharge claims begin to accrue "when the employee gives notice of his resignation, not on the effective date of that resignation." *Green v. Brennan*, 578 U.S. 547, 564 (2016). Indeed, Cook County Health makes this exact point in its motion to dismiss before changing its tune in reply. *See* Mot. at 4. Here, the parties do not argue that Feldman gave notice of his resignation prior to December 29, 2022. Accordingly, the clock began on December 29, 2022 and ended on October 25, 2023. Considering October 25, 2023 as the operative date of filing with

the EEOC, Feldman's constructive discharge claim (Count III) is within the 300-day limitations period and survives Cook County Health's motion to dismiss.

For purposes of the instant motion to dismiss, the Court construes Feldman's complaint to indicate that the operative date of filing was October 25, 2023. However, to aid clarity as the case progresses, Feldman is instructed to file an amended complaint—limited to Count III—clearly indicating the operative date of filing as October 25, 2023. If Feldman has received additional documents relevant to this issue,[5] he is additionally instructed to attach those documents to his complaint.

For the reasons stated herein, the Court grants in part and denies in part Cook County Health's motion to dismiss [14]. The Court grants the motion as to Counts I and II with prejudice. It denies the motion as to Count III. Feldman is granted leave to file an amended complaint, limited to Count III, to correct the date on which he filed a charge with the EEOC and to attach any relevant documents.

Dated: March 31, 2026

_____
United States District Judge
Franklin U. Valderrama

---

[5] Feldman states that he has submitted a FOIA request "to obtain confirmation of the date of initial contact." Resp. at 2.

6